FILED

# United States District Court

APR - 9 2007

_____ **MIDDLE** _____ DISTRICT OF _____ **ALABAMA** _____

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

CHARLES EDWARD JONES, II

**CRIMINAL COMPLAINT**

CASE NUMBER:  2:07mj37-TFM

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about __April 8, 2007__ in ___Montgomery___ county, in the

Middle _____ District of __Alabama__ defendant did,

knowingly possess with intent to distribute 500 grams or more of cocaine, a Schedule II Controlled Substance,

in violation of Title ___21___ United States Code, Section(s)__841(a)(1)__

I further state that I am an __ABI Agent assigned to the HIDTA Task Force__ and that this complaint is based on the following facts:
                          Official Title

See attached Affidavit which is incorporated by reference herein

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__APRIL 9, 2007__                              at   __MONTGOMERY, ALABAMA__
Date                                                                City and State

__TERRY F. MOORER, U.S. MAGISTRATE JUDGE__    _____
Name & Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT

Affiant, Robert Thornton, being first duly sworn, do hereby state and affirm that:

1.  He is an Alabama State Trooper, assigned as an agent for the Alabama Bureau of Investigation's Narcotics Operations Service, and detailed to the Major Investigation Team of the High Intensity Drug Trafficking Area Task Force (HIDTA), which are both located at the Investigative Operations Center in Montgomery, Alabama.    Agent Thornton is cross-designated and federally deputized as an agent of the United States Drug Enforcement Administration (DEA), which empowers him with authority under Title 21, United States Code, to conduct investigations and make arrests of those suspected of involvement in illegal activity pertaining to violations of federal law.  He has twenty-six years of law enforcement experience, in which, the past thirteen have been extensively directed in narcotics investigations. The facts and information in this affidavit are based on Agent Thornton's personal knowledge and the knowledge of other law enforcement officers.

2.  On Sunday, April 08, 2007, Alabama State Trooper Andy Sutley was working traffic enforcement in Montgomery County, Alabama.  At approximately 2:30 p.m., Trooper Sutley was parked in the median of Interstate 85 near the Macon County line when he observed a white Chrysler 300 with Florida license plates traveling southbound on Interstate 85.  As the vehicle passed, Trooper Sutley observed the vehicle traveling behind another vehicle less than one car length.  Trooper Sutley also observed that the driver was not wearing a seatbelt.

3.    Trooper Sutley then pulled out onto the roadway and pulled along side of the vehicle and confirmed that the driver was not wearing his seatbelt.  Trooper Sutley then positioned his patrol car behind the vehicle and activated the emergency equipment on the patrol car in an attempt to stop the vehicle.  The vehicle continued southbound on Interstate 85 and pulled into the emergency lane and continued southbound at approximately 55 miles per hours.  The driver of the vehicle signaled left and entered the right traffic lane still refusing to stop.  Trooper Sutley then notified dispatch that he was in pursuit of the vehicle.  The vehicle sped up, still refusing to stop.  Trooper Sutley then struck the rear of vehicle with the patrol car.  The vehicle finally exited the roadway and stopped in the emergency lane.

4.  Once the vehicle stopped, Trooper Sutley exited the patrol car and ordered both occupants from the vehicle.  Both individuals complied.  After clearing the vehicle, Trooper Sutley handcuffed both individuals for his safety.  There was a strong odor of burnt marijuana coming from inside the vehicle.  The driver of the vehicle, Charles Edward Jones, II, was read his Miranda rights.   The passenger was identified as Vincent Buford Foreman.

5.  Trooper Sutley opened the center console of the vehicle and observed a brown paper bag which contained a plastic bag with a large amount of suspected cocaine.  A rental agreement from Dollar Rental car in Pensacola, Florida was also located from inside the vehicle.   The agreement was in the name of Kimberly Brown.  According to the agreement, the vehicle was rented on March 30, 2007 and was to have been returned on April 7, 2007.   When Jones was questioned about the ownership of the vehicle, he stated that "his cousin" owned the car.

6.   Both individuals were transported to the HIDTA office where they were again given their Miranda rights.   Passenger Foreman stated that he had no knowledge of the drugs that were located in the vehicle.   He stated that they had come from Atlanta after staying with different female friends in the Atlanta area.   Foreman stated that Jones dropped him off in Atlanta on Saturday and picked him up to return to Florida on Sunday.   He stated Jones was in possession of the vehicle for the entire time they were in Atlanta.   Foreman also stated that he had no idea why there were running when Trooper Sutley was attempting to stop the vehicle and that he repeatedly ask Jones to pull over, but Jones refused to do so.

7.  Jones was unable to produce any form of identification.  Jones denied knowledge of the drugs recovered in the vehicle.    A review of Jones' criminal history has revealed a 1989 conviction for Possession with Intent to Deliver Cocaine (Florida); a 1992 conviction for Battery (Florida); a 1993 conviction for Battery (Florida); a 1997 conviction for Battery (Florida); and a 2002 conviction for Domestic Violence (Florida).

8.   A field test was conducted on the suspected cocaine with positive results for the presence of cocaine, a schedule II controlled substance.   The cocaine was weighed in the plastic bag and was found to weigh 519.21 grams.

9.  Based upon my training and experience in investigations of persons involved in the smuggling and trafficking of controlled substances, I have reason to believe that individuals are employed by persons, who may or may not be known to them to travel long distances for the purposes of transporting packages which they know or

have reason to believe are involved in the transportation of narcotics or controlled substances.

10. Based upon the statement of facts and circumstances set forth herein, I have probable cause to believe that on Sunday, April 8, 2007, in the Middle District of Alabama, Charles Edward Jones, II, committed a violation of Title 21, United States Code, Section 841(a)(1), in that he possessed with intent to distribute cocaine, a schedule II controlled substance, in excess of 500 grams.

Robert Thornton, Affiant
Alabama Bureau of Investigation

Sworn to and subscribed before me this 9th day of April, 2007.

Terry F. Moorer
United States Magistrate Judge