IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 7MJ-37–TFM |
| | ) | |
| CHARLES EDWARD JONES,II | ) | |

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 11, 2007, pursuant to the Government's Motion for Detention (Doc.#3). Based upon consideration of the evidence presented, the Court concludes that the defendant should be detained pending trial in this case.

### Part I -- Findings of Fact

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841. The Defendant is charged with knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear and pose a serious danger to the community if released pending trial.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that on April 8, 2007, the defendant was driving southbound on Interstate 85 near the Macon County, Alabama line when Trooper Andy Sutley saw the defendant

commit a traffic violation. Trooper Sutley put on his blue light to signal the defendant to pull off the roadway. Defendant Jones sped up and refused to stop. Trooper Sutley rammed the defendant's car and the defendant pulled into the emergency then sped away again. Ultimately, the defendant stopped his car. Trooper Sutley smelled the strong odor of burned marijuana emanating from inside the car as he looked inside the car to determine if someone else might be hiding inside the car. The search incident to the defendant's apprehension revealed slightly more than 500 grams of cocaine in the center console of the car.

Defendant Jones has no family, job, or other ties to the Middle District of Alabama. In addition to his lack of ties to the Middle District of Alabama, based on clear and convincing evidence, this Court determines Defendant Jones is a flight risk and danger to the community based on, *inter alia,* the significant quantity of cocaine in his possession the day of his arrest; his failure to stop for Trooper Sutley when Trooper Sutley put on his blue light as a signal for the defendant to pull over; the defendant's lengthy criminal record which includes 2 narcotics offenses; the defendant was released less than 2 months ago from 12 months in custody stemming from a felony, narcotics conviction; the defendant's claim not to have an address when he was questioned by Agent Thornton; and the defendant faces a substantial sentence should the United States move to enhance the defendant's sentence under 21 U.S.C. 851. Accordingly, the Court does not find less restrictive measures will enhance the likelihood the defendant will appear at trial or refrain from posing a danger to the community while on pretrial release.

Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained and bound over to the Grand Jury for the

Middle District of Alabama .

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this the 12th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE